# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JESSE FOSTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:16-cv-1384 DDN |
| SWISSPORT FUELING SERVICES, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Jesse Foster's Motion to Appoint Counsel. (ECF 4). The motion will be denied at this time without prejudice.

Plaintiff brings this action against his former employer, defendant Swissport Fueling Services, pursuant to Title VII of the Civil Rights Act of 1964, the Missouri Human Rights Act, and 42 U.S.C. § 1981. In his Complaint, plaintiff states that he was hired on March 15, 2013 as a "Fueler" at defendant's Lambert Airport location, and was subsequently promoted to a supervisory position and ultimately to a management position. Plaintiff alleges that the terms and conditions of his employment differed from those of similar employees, and that he was retaliated against and terminated. Plaintiff also alleges that his immediate supervisor addressed him using racially-charged terms. Plaintiff seeks reinstatement to the position of Manager with equal pay, and monetary damages.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citation omitted). The decision to appoint counsel is therefore within the Court's discretion. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including the factual complexity of the case; the

plaintiff's ability to investigate the facts and present his claim; whether the plaintiff can afford to hire an attorney and has made a good-faith effort to retain one; and whether the nature of the litigation is such that the plaintiff and the Court would benefit from the assistance of counsel. *Stevens*, 146 F.3d at 546; *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984).

The claims plaintiff presents are neither frivolous nor malicious. After careful consideration of the instant motion, the Court concludes that the appointment of counsel is not warranted at this time. Plaintiff's claims are neither factually nor legally complex. Plaintiff does not allege, nor is it apparent, that investigation of the facts surrounding his claims would be beyond his capability, and plaintiff has demonstrated his ability to adequately present his claims to the Court. While plaintiff has been granted leave to proceed in forma pauperis, that does not necessarily mean that he cannot secure the services of an attorney, as some attorneys take employment discrimination cases on a contingent-fee basis. While plaintiff states in his motion that he has made diligent efforts to find an attorney to represent him, he does not explain such efforts to the Court. Finally, it cannot be said at this time that the appointment of counsel would be sufficiently beneficial to plaintiff and the Court. As the case progresses, this Court will entertain motions for the appointment of counsel, as appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED** without prejudice.

    /s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 12, 2016.