# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JESSE FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CV1384 RLW |
| ) | |
| SWISSPORT FUELING SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 26). For the following reasons, the Court will grant Defendant's motion.

## Procedural Background

On August 26, 2016, Plaintiff filed a *pro se* Employment Discrimination Complaint against Defendant Swissport Fueling Services under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. § 1981, and the Missouri Human Rights Act. Plaintiff alleges that Defendant discriminated against him on the basis of race, retaliated against him, and subjected him to a hostile work environment. On September 12, 2016, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis, and Defendant filed its Answer on October 20, 2016. The Court set the case for a Rule 16 conference, ordering Plaintiff to meet with opposing counsel to prepare a joint proposed scheduling plan and to appear in Courtroom 10-South on December 20, 2016. (ECF No. 18) Plaintiff did not appear for the Rule 16 conference or otherwise participate in drafting the joint scheduling plan.

The Court then issued a Case Management Order ("CMO") on December 20, 2016, noting that Plaintiff failed to appear at the Rule 16 conference in noncompliance of this Court's

Order. In addition, the CMO advised *pro se* Plaintiff that he was required to follow the same Court rules and orders as an attorney. (ECF No. 21) On February 6, 2017, Defendant filed a Motion to Compel, asserting that Plaintiff failed to submit Rule 26(a) Initial Disclosures or responses to discovery requests. Defendant further stated that Plaintiff failed to respond to all written and telephonic attempts to resolve the disputes. (ECF No. 22) The Court then scheduled a hearing on the Motion to Compel and further ordered that "[b]oth parties shall appear in person." (ECF No. 23) On the hearing date, March 1, 2017, counsel for Defendant Swissport Fueling Services appeared in person. Plaintiff was not present, and counsel for Defendant orally moved to dismiss the cause of action. (ECF No. 25) On March 2, 2017, Defendant filed the present Motion to Dismiss for Failure to Prosecute. (ECF No. 26) After Plaintiff failed to file a timely response in opposition, the Court issued an Order to Show Cause, ordering the Plaintiff to show cause why Defendant's motion to dismiss should not be granted. (ECF No. 27) The Court specified that Plaintiff shall show cause in writing, and no later than April 12, 2017. (*Id.*) As of this date, Plaintiff has failed to respond to the Court's Order, and the time for doing so has expired.

**Discussion**

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless the order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. *Id.* "Because dismissal with prejudice is an extreme sanction, it should be employed only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint. *Devoto v. Corizon, Inc.*, No. 2:13CV00019 ERW, 2014 WL 294326, at *3 (E.D. Mo. Jan. 27, 2014)) (citation omitted). "The district court need

not find that the party acted in bad faith, but only that [he] acted intentionally as opposed to accidentally or involuntarily." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (citation omitted).

The Court is aware of the liberal pleading standards afforded to *pro se* litigants. However, in the instant case, Plaintiff has failed to comply with the Federal Rules of Civil Procedure and with Orders of this Court, including Orders to appear for hearings. In addition, Plaintiff did not file responses to discovery requests or to Defendant's Motion to Compel or Motion to Dismiss. Finally, the Plaintiff has failed to show cause why the case should not be dismissed as ordered by this Court on March 29, 2017. Indeed, Plaintiff has taken no action in this case since filing his Complaint seven months ago. Thus, the Court finds that dismissal with prejudice for failure to prosecute is warranted in this case. *See Devoto*, 2014 WL 294326, at *3 (dismissing plaintiff's complaint with prejudice for failure to prosecute where the plaintiff failed to respond to discovery requests, ignored defendant's motion to dismiss, and failed to respond to the court's order to show cause why the motion to dismiss should not be granted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Employment Discrimination Complaint is **DISMISSED with prejudice** for failure to prosecute or otherwise comply with Orders of this Court. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall send a copy of this Order and the Order of Dismissal to Plaintiff via regular mail and UPS at the following address:

>Jesse Foster
>12081 Rosemist Drive
>St. Louis, MO 63138

Dated this 13th day of April, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**